nishing legal assistance to other prisoners. Accordingly, in No. 701–70 the trial court should have required the respondent to answer and should have then held such further proceedings as the pleadings required.

 On oral argument, counsel for Evans attempted to inject into the proceedings the issue of Evans' present eligibility for parole. Such cannot be done at this late date.

In No. 71–1057 the judgment is affirmed.

In No. 701–70 the judgment is reversed and the matter remanded for further proceedings consonant with the views herein expressed.

Ernest M. Thayer (argued), San Francisco, Cal., for plaintiff-appellant.

Richard E. Gutting, Jr. (argued), Gilbert C. Wheat, of Lillick, McHose, Wheat, Adams & Charles, San Francisco, Cal., for defendants-appellees.

Before CHAMBERS, Circuit Judge, MADDEN,* Judge of the United States Court of Claims, and TRASK, Circuit Judge.

PER CURIAM:

The order dismissing for want of diligent prosecution is affirmed. The trial court has a broad discretion in such matters and we cannot say its action was clearly erroneous.

**Eric J. SCHMIDT, an individual, Plaintiff and Appellant,**

v.

**WALLENIUS LINE, a corporation, Fred F. Noonan Company, Inc., a corporation, Defendants and Appellees.**

No. 25674.

United States Court of Appeals, Ninth Circuit.

Feb. 15, 1972.

**MONTANA–DAKOTA UTILITIES CO., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent, and**

**System Council U–13, International Brotherhood of Electrical Workers, AFL–CIO, Intervenor.**

No. 71–1224.

United States Court of Appeals, Eighth Circuit.

March 15, 1972.

* J. Warren Madden, Senior Judge of the United States Court of Claims, sitting by designation.